```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

VEEKEN CHAGLASSIAN,

                Plaintiff,

    - against -

TWITTER, INC.,

                Defendant.

23-cv-2414 (JGK)

ORDER

**JOHN G. KOELTL, District Judge:**

    The Court is in receipt of the pro se plaintiff's letter dated April 12, 2023, which details the plaintiff's difficulty in serving the defendant with the summons and complaint.

    The plaintiff may seek assistance with serving the defendant with the summons and complaint by calling the Pro Se Intake Office at (212) 805-0175. The Pro Se Intake Unit has provided an information package which is attached to this order. The plaintiff may also seek the assistance of the New York Legal Assistance Group (NYLAG), whose flyer is also attached to this Order.

**SO ORDERED.**

Dated:    New York, New York
            April 25, 2023

                                      /s/ John G. Koeltl
                                      John G. Koeltl
                            United States District Judge



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

> Room LL22
> 40 Foley Square
> New York, NY 10007
> (212) 659 6190
>
> Open weekdays
> 10 a.m. – 4 p.m.
> Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



a beneficiary of
UJA Federation
of New York



United States District Court
Southern District of New York

# Instructions for Litigants Without Lawyers

This package is intended as a resource for litigants who don't have lawyers. It is not a substitute for legal advice from a lawyer. The information should be read together with the Federal Rules of Civil Procedure, the Local Rules of this court, and the individual practices of the judge or judges assigned to your case. See the court's website for these rules and other legal resources: https://nysd.uscourts.gov/prose/resources#block-views-block-pro-se-block-3.

When you don't have a lawyer, you are proceeding *"pro se."* "Pro se" is a Latin term meaning "for himself or herself." A "litigant" is someone who is either suing someone or is being sued in court.

A civil case is the only type of case you can start without an attorney. It is different from a criminal case, which can only be started by government officials. In a civil case, you don't have a constitutional right to a lawyer appointed by the court. If you start a civil case without a lawyer, you should be prepared to handle it on your own.

## Staying Informed About Your Case

It is essential that you stay in contact with the court so that you receive prompt notice of court orders or hearings.

### Your case has been assigned a case number, a district judge, and a magistrate judge:

Case Name: _____

Case Number.: _____

District Judge Assigned: _____

Magistrate Judge Assigned: _____

500 PEARL STREET; 40 FOLEY SQUARE | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601
PRO SE INTAKE UNIT: 212-805-0175

Rev. 3/10/20

Everything that you send to the court concerning this case must be labeled with the case name and case number (including the initials of the district judge and any magistrate judge before whom the case is pending).

## How do I contact the court?

You must mail or deliver any papers you want to file in your case to the Pro Se Intake Unit:

**Pro Se Intake Unit**
**Thurgood Marshall Courthouse**
**40 Foley Square, Room 105**
**New York, New York, 10007**

If it's more convenient, you may hand-deliver papers to the Clerk's Office at 300 Quarropas Street, White Plains, NY 10601-4150.

Do not send any documents directly to a judge unless the judge has ordered you to do so.

## If I have questions, can I call the judge's chambers?

Do not call the judge's chambers unless the judge has ordered or otherwise permitted you to do so. Instead, call the Pro Se Intake Unit. Their number is: 212-805-0175.

## What if my address changes?

If your contact information changes, you must notify the court in writing, even if you are incarcerated and transferred to another facility or released from custody. Fill out the "Notice of Change of Address" form included with this memo (or write a letter asking for your address to be changed) and send it to the Pro Se Intake Unit. It is not enough to send an envelope with a new return address or submit a letter with a new address listed without asking for your address to be officially changed.

Your case could be dismissed if you do not notify the court of an address change.

## How Court Staff Can and Cannot Assist with Your Case

The court, including the judge, the clerk, and all court staff, *must remain impartial*. This means that they cannot take sides in any matter coming before the court. They will give the same types of information to persons on both sides of a case, but they cannot provide legal advice. Information you provide to court staff is not confidential. Read below to find out what the court can and cannot provide to you.

### What Court Staff CAN Do

**We can** provide you with telephone numbers for the legal-advice clinic located in the courthouses and for local lawyer referral services. Information about the legal-advice clinic is enclosed and also available on the court's website: https://nysd.uscourts.gov/attorney/legal-assistance).

**We can** explain and answer questions about how the court works.

**We can** provide you general information about court rules, procedures and practices.

**We can** provide you information from the docket of your case, including information as to when your next court hearing is.

**We can** provide available and relevant court guides and forms.

**We can** review your papers for completeness by checking for signatures and the correct case number.

### What Court Staff CANNOT Do

**We cannot** provide legal advice or legal interpretations. Only a lawyer can do that. Staff can answer questions that call for factual information—these are generally questions that start with "who," "what," "when," "where," or "how." They cannot answer questions that call for an opinion about what you should do—these are generally questions that start with "should" or "whether." For example, court staff

can explain court rules and procedure, but they cannot suggest which of several available procedures you should follow.

**We cannot** advise you whether or not you should bring your case to court or give you an opinion about what will happen if you bring your case to court.

**We cannot** advise you what to say in court.

**We cannot** let you talk to the judge outside court. We also cannot talk to the judge for you about your case.

**We cannot** fill out a form for you or tell you what words to use in your court papers.

**We cannot** sign an order or change an order signed by the judge. We cannot explain the meaning of a court order to you.

**We cannot** provide any guidance or interpretation of statutes or rules.

## Serving and Amending the Complaint

### How do I serve the summons and complaint?

If you filed an Application to Proceed Without Prepaying Fees or Costs (also called an IFP application) and it was granted, the judge assigned to your case will enter an "Order of Service" or "Order to Answer." *You must follow any directions in that order.* If the judge directs the Clerk's Office to send you a U.S. Marshals Service form (USM-285 form) for a particular defendant and directs you to fill it out, you must complete the form for that defendant and return it to the Pro Se Intake Unit. The Marshals Service will then serve the summons and complaint on the defendant at no cost to you. Do not send in a USM-285 form for a defendant unless the order directs you to do so for that defendant. If your IFP application was granted, it is not necessary for you to determine on your own how to serve the summons and complaint, unless you choose not to rely on the Marshals Service for service.

If you did not file an IFP application, or if it was denied, or if you choose not to rely on the Marshals Service, you will either have to obtain a waiver of service

from each defendant, or you will have to serve each defendant. Service and waiver are described in Federal Rule of Civil Procedure 4.

### Can I change or amend the complaint after I file it?

Changing a document that has already been filed with the court is known as "amending" the document. Under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, you can amend your complaint one time within 21 days after the complaint is served on the defendant. Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, if you have not already amended your complaint, you may amend your complaint one time within 21 days after the defendant files an answer or a motion to dismiss under Rule 12(b), (e), or (f), whichever is earlier. You do not need permission from the judge or from the defendant to amend the complaint once under either Rule 15(a)(1)(A) or 15(a)(1)(B).

If you want to amend your complaint more than 21 days after the defendant answers or files a motion to dismiss, or if you want to amend it a second time, Rule 15(a)(2) lets you do so in one of two ways. First, you can file the amended complaint if you get written permission from the defendant. When you file the amended complaint, you must also file the document showing that you have permission from the defendant to amend your complaint. Second, if the defendant will not agree to let you amend your complaint, you must file a motion to ask the judge's permission for you to amend your complaint.

When you file an amended complaint, you must file an entirely new complaint, because an amended complaint completely replaces the original complaint. The caption of your amended complaint should say: "First Amended Complaint." If you amend your complaint a second time, the caption should say: "Second Amended Complaint."

## Filing and Serving Other Papers

### How do I file motions, briefs, and other documents with the court?

You can file motions, briefs, and other documents in three ways: (1) bring the appropriate documents to the Pro Se Intake Unit (or to the Clerk's Office in White Plains) to file in person; (2) mail the documents to the Pro Se Intake Unit for filing;

or (3) in some cases, file the documents electronically on the court's electronic case filing (ECF) system (see instructions below). The Pro Se Intake Unit does not accept faxes or email. By standing order of the court, all pro se litigants must submit their papers to the Pro Se Intake Unit (unless specifically directed by the judge to submit papers directly to that judge's chambers).

## Does the court require a specific format for documents?

Yes, Local Civil Rule 11.1 requires, among other things, that all documents filed with the court be plainly written, typed, or copied in a way that is legible; that documents be double-spaced, except for headings, text in footnotes, or block quotations; that text be in 12-point type or larger; that every paper have the docket number and the initials of the district judge and any magistrate judge before whom the action or proceeding is pending; and that every document have the name of each person signing it printed or typed directly below the signature.

In addition, it is very helpful if you include page numbers on your documents. You must also comply with the requirements of Federal Rule of Civil Procedure 11, including the requirement that every document have an original signature.

So that your documents can be properly docketed, make sure that they are in the right format – they should have original signatures, a caption, and a title (for example, "Motion to Amend").

## How do I serve motions, briefs, or other documents that I file with the court?

After a defendant has been properly served with the summons and complaint *and* that defendant has "appeared" in the case by filing a notice of appearance, an answer, or a motion, you can serve court filings on that defendant's lawyer (or on the defendant, if the defendant does not have a lawyer) by mail or any other method described in Rule 5 of the Federal Rules of Civil Procedure.

If the defendant has a lawyer, you don't need to mail copies of your court filings to that lawyer – after you deliver a document to the Pro Se Intake Unit for filing, the Clerk's Office staff will scan and docket it onto the ECF system. The ECF system will then notify by email all other parties who have lawyers that you have filed a document, and those parties will be able to get a copy of the document.

This docketing on ECF is deemed to be service under Rule 5(b) of the Federal Rules of Civil Procedure. See <u>ECF Rules 9.1 and 9.2</u> Therefore, if your court filings are docketed on ECF, you will not have to mail them to any other parties who have lawyers, and you will not have to attach a certificate of service to those documents.

Please note that this does not mean that you may use the ECF system to serve other parties with discovery materials or any other documents that are not addressed to the court. You must continue to deliver those documents yourself.

## What if I want to receive documents by e-mail?

If you are not incarcerated, you may consent to receive court filings electronically. See the enclosed "Pro Se (Nonprisoner) Consent & Registration Form to Receive Documents Electronically." If you consent to receive documents electronically, you will receive a "Notice of Electronic Filing" by e-mail each time a document is filed in your case. Click on the link in the email to get your "free look" at the document: *Once you click the link, you must immediately print or download the document because you will only get to access it one time for free.*

## What if I want to file documents electronically?

Once your complaint has been filed, if you are not incarcerated, you can seek permission to file documents electronically. If your application is granted, you can file your court documents on the internet using the ECF system. This may be a good option if you have access to a computer, scanner, and PDF writer software.

To ask for permission to file electronically, complete the <u>Motion for Permission for Electronic Case Filing</u>, which you can get from the Pro Se Intake Unit or the court's website, and submit it to the Pro Se Intake Unit. Once you have permission and are given a login and password, follow the directions found in the <u>ECF Rules & Instructions</u>, on the court's website. You may call the Help Desk at 212-805-0136 if you need assistance with ECF.

## Is there any type of information that I should not include in court filings?

Documents filed with the court will normally be available to the public at the courthouse and on the internet through PACER (Public Access to Court Electronic

Records) and the court's ECF system. (In certain types of cases, such as those under the Social Security Act, remote access to electronic files is limited. See Fed. R. Civ. P. 5.2(c).) Certain personal identifying information therefore should be removed from documents *before* the documents are submitted to the court for filing. See the attached Notice Regarding Privacy and Public Access to Electronic Case Files.

## What if the defendant does not file an answer?

If you believe that the defendant has not filed an answer within the time required, you should bring the issue to the assigned judge's attention by submitting a letter or a motion.

## What is the role of the magistrate judge who is assigned to my case?

The district judge may handle all matters in your case or may "refer" your case to the magistrate judge for certain pretrial issues. If you and all the other parties in your case agree to have your case proceed before the magistrate judge for *all purposes*, including trial, your case may proceed more quickly. A form for all parties to complete if they agree to have the trial before a magistrate judge is enclosed. For more information, refer to the handout enclosed: "United States Magistrate Judges: Referrals and Consents."