UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VEEKEN CHAGLASSIAN,

                  Plaintiff,

- against -

TWITTER, INC,

                  Defendant.

23-cv-2414 (JGK)

ORDER

**JOHN G. KOELTL**, District Judge:

    On December 5, 2023, at the oral argument of the defendant's motion to dismiss the complaint, the plaintiff requested that this case be dismissed without prejudice. The Court directed the defendant to respond to the request by December 6, 2023, and the plaintiff was given the opportunity to reply by December 8, 2023. See ECF No. 24. The defendant submitted a response on December 5, 2023, stating that the defendant does not oppose the plaintiff's request to dismiss this action without prejudice. See ECF No. 25. On December 6, the plaintiff submitted a letter that largely repeated the statements that the plaintiff made at the argument on December 5, 2023. See ECF. No. 26. The letter concluded by stating that unless "the court [has] the power to assign me representation," the plaintiff "[had] little choice but to ask the court . . . to grant me leave to replead," so that the plaintiff had "the option to take this case up again in the right venue . . . ." Id. The Court construes this letter as a repeated request to dismiss this case without prejudice, a request that the defendant

has not opposed. The plaintiff has not submitted any further response.

The Court has previously referred the plaintiff to the New York Legal Assistance Group (NYLAG) to assist the plaintiff, see ECF No. 5, and the plaintiff acknowledged at the December 5, 2023 argument that he has consulted with NYLAG. In response to the plaintiff's most recent letter, the plaintiff should be aware that the Court lacks the authority to appoint counsel in a civil case. See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301-310 (1989). The Court can place a civil case on a list of cases to be taken by lawyers who volunteer to take cases on a pro bono basis, but before recommending that the case be placed on that list the Court would have to find that the case qualified for the appointment of pro bono counsel. See Hodge v. Police Officers, 802 F.2d 58, 60-62 (2d Cir. 1986); 28 U.S.C. § 1915(e)(1); see also Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172-73 (2d Cir. 1989)(listing the factors courts should consider, including the litigant's efforts to obtain counsel). The Court could not make the necessary findings at this time and therefore, to the extent that the plaintiff's December 6, 2023 letter is a request for the appointment of such counsel, the request is **denied without prejudice**.

Therefore, in accordance with the plaintiff's December 5, 2023 request, which is not opposed by the defendant, this case is voluntarily **dismissed without prejudice**. The Clerk is directed to

2

enter judgment dismissing this case without prejudice. The Clerk is also directed to close this case and any pending motions.

The Clerk is directed to mail a copy of the Order to the plaintiff and note the mailing on the docket. The Court will also email a copy to the plaintiff's address.

**SO ORDERED.**

**Dated:**      **New York, New York**
               **December 11, 2023**

_/s/ John G. Koeltl_
**John G. Koeltl**
**United States District Judge**